# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    Plaintiff,

-vs-                                  **Case No. 95-Cr-135**

**GREGORY WESLEY HAYES,**

    Defendant.

## DECISION AND ORDER

This matter is before the Court on pro se Defendant Gregory Wesley Hayes' motion pursuant to 18 U.S.C. §§ 3583(b) and (c) to modify the conditions of his supervised release. (ECF No. 544.) Hayes cites *United States v. Thompson,* 777 F.3d 368 (7th Cir. 2015), and related cases. Hayes also filed a motion for reconsideration (ECF No. 552) of this Court's previous order denying his motion to dismiss.

### RECONSIDERATION

Hayes filed his motion to modify the conditions of supervised release on January 28, 2016. On February 3, the Court ordered Plaintiff United States to file a response within 30 days. The government filed its response on March 4, but did not serve a copy on Hayes, so he was unaware that the response had been filed. On March 9, Hayes filed a motion to dismiss for want of prosecution premised on his belief that the government had not responded to

his motion. On March 15, the Court denied Hayes' motion to dismiss and ordered the government to mail a copy of its response to Hayes.

Hayes now moves for reconsideration of the denial of his motion to dismiss, contending that the government's response was not timely filed. Rule 45(a) of the Federal Rules of Criminal Procedure governs the calculation of time, and it provides that the day of the event triggering the time period is excluded. *See* Fed. R. Crim. P. 45(a)(1)(A). Therefore, the February 3 date of the Court's Order was excluded, and the 30-day time period began to run on February 4. Thirty days from February 4 was March 5 (February had 29 days this year). Because March 5 was a Saturday, the 30-day period continued to run until the end of the next day that was not a Saturday, Sunday, or legal holiday. *See* Fed. R. Crim. P. 45(a)(1)(C). The government's filing deadline was March 7, thus its March 4 response was timely. Hayes' motion for reconsideration is denied.

**MODIFICATION OF SUPERVISED RELEASE CONDITIONS**

In his motion for relief pursuant to 18 U.S.C. §§ 3583(b) and (c), Hayes states that this Court should vacate many of the conditions of supervised release because the sentencing Court did not explain how they comported with the sentencing factors listed in § 3553(a) and that they are overbroad. He also states that clarification must be provided regarding the meaning of "association," citing the condition that he not associate or communicate with

any member, prospect, or associate member of the Black Gangsters Disciples or any other gang.

The United States indicates that analysis of Hayes' claim based on the facts is impossible because he has not provided a transcript and that even if he had, the *Thompson* line of cases is not retroactive under *Teague v. Lane*, 489 U.S. 288, 299-301 (1989).

## Factual Background

In March 1996, Hayes pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine, three counts of possession with intent to distribute cocaine, and seventeen counts of use of a telephone to facilitate the commission of a felony. (Docket No. 201.) On February 28, 1997, United States District Judge Thomas J. Curran sentenced him to 336 months in prison, to be followed by five years of supervised release. Judgment was entered on March 5, 1997, followed by an amendment of that Judgment on March 10, 1997, to reflect the proper Guideline imprisonment range. (Docket Nos. 364, 367.)

Hayes appealed the denial of a motion to suppress evidence obtained through a wiretap and a wiretap extension, the application of several sentencing enhancements, and the district court's calculation of his relevant conduct. *United States v. Adams,* 125 F.3d 586, 595-97 (7th Cir. 1997). Hayes' conviction was affirmed on appeal. *Id.* at 597.

Hayes filed a motion pursuant to § 2255 which was summarily denied. (Docket Nos. 415, 416.) Hayes' appeal of that decision was dismissed. (Docket No. 426.) Hayes also filed a motion for resentencing, which was denied initially and upon reconsideration. (Docket Nos. 451-453, 457.) That denial was reaffirmed on appeal. (ECF No. 465.)[1]

On February 27, 2008, the action was reassigned to this Court. Hayes filed a motion for clarification of the original judgment. (ECF No. 515), which this Court denied (ECF No. 516). Hayes' appeal was dismissed as untimely. (ECF No. 525.)

Hayes filed a motion to reduce his sentence pursuant to U.S.S.C. Amendment 782 (ECF No. 526) which this Court granted to the extent that his sentence of imprisonment was reduced from 336 months to 312 months, with all provisions of the March 5, 1997, judgment to remain in effect (ECF No. 539). According to the Bureau of Prisons, Hayes' release date is May 13, 2019.

## Analysis

With respect to the United States' reliance on *Teague* as barring relief, the Supreme Court "laid out the framework to be used in determining whether a rule announced in one of [its] opinions should be applied

---

[1] The court of appeals' decision also notes that Hayes unsuccessfully sought leave to file a successive § 2255 motion.

retroactively to judgments in criminal cases that are already final on direct review." *Whorton v. Bockting,* 549 U.S. 406, 416 (2007). *Thompson* and related cases are the decisions of the Court of Appeals for the Seventh Circuit, not the Supreme Court. Therefore*, Teague* does not apply.

Liberally construed, Hayes' motion seeks relief under 18 U.S.C. § 3583(e)(2), which provides:

> Modification of conditions or revocation.—The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)[2]—
>
> . . . .
>
> (2) extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision.

A defendant on supervised release may challenge the conditions of his release under 18 U.S.C. § 3583(e)(2), which permits a defendant to request relief from a condition of supervised release on *substantive grounds,* such as the condition is substantively unlawful or that it no longer serves the purposes of

---

[2] The references in § 3583(e) to portions of § 3553(a) incorporate, for purposes of decisions to modify conditions of supervised release, nearly all of the original sentencing goals, excepting only the need for a sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment, and the directive to consider the "kinds of sentences available." *United States v. Neal,* 810 F.3d 512, 516 (7th Cir. 2016).

- 5 -

supervised release. Section 3583(e)(2) does not authorize such late challenges based on *asserted procedural errors from the time of the original sentencing,* such as a claim that the court failed to provide a sufficient explanation for the condition or that there was not sufficient evidence to support the then-unchallenged condition. *Neal*, 810 F.3d at 514. (Emphasis added.) Hayes' contention that many conditions of his supervised release must be vacated because the sentencing court did not explain how the conditions comported with the sentencing factors listed in § 3553(a) does not constitute a viable ground for relief under § 3583(e). *See id.*

Hayes requests clarification of the term "associate" with respect to the provision that he not associate or communicate with any member, prospect, or associate member of the Black Gangsters Disciples or any other gang. His request is supported by case law. *See United States v. Kappes,* 782 F.3d 828, 848-49 (7th Cir. 2015) (citing *Thompson*, 777 F.3d at 376-77) (noting that a condition requiring a defendant not to associate with any persons engaged in criminal activity and not associate with anyone convicted of a felony, unless granted permission to do so by the probation officer, was fatally vague because it appeared to impose strict liability and did not define "associate;" and suggesting a modification would be to forbid the defendant "to meet, communicate, or otherwise interact with a person whom he knows to be engaged, or planning to be engaged, in criminal activity.") Hayes also states

- 6 -

that other conditions are vague; however, he does not further elaborate or identify those conditions. Any such additional challenges must be specifically identified by Hayes. *See Neal*, 810 F.3d at 521 (stating that when the defendant has identified specific conditions for the court to evaluate, the district court is not expected to "hunt for other problematic conditions of supervised release.") Moreover, Hayes is not yet on supervised release, and his mandatory release date is roughly three years away.

Section 3583(e)(2) should be reserved for substantive challenges that raise real concerns about the offender's and society's prospects of benefitting from a term of supervised release. *Id*. at 520. Therefore, within three months before his release date Hayes should file any motion raising substantive challenges to the conditions of his release. *See e.g. United States v. Siegel,* 753 F.3d 705, 717 (7th Cir. 2014) (suggesting, as one of five best practices regarding conditions of supervised release, that on the "eve" of release from prison a defendant should attend a brief hearing before the sentencing judge or his successor in order to be reminded of the conditions of supervised release, and that the hearing would also be a "proper occasion for the judge to consider whether to modify one or more of the conditions in light of any changed circumstances brought about by the defendant's experiences in prison.")

Requiring Hayes' 18 U.S.C. § 3583(e)(2) motions to be filed three

- 7 -

months prior to release will avoid the piecemeal litigation of issues pertaining to supervised release conditions, conserve the resources of the parties and the Court, and should enable Hayes to progress to supervised release with conditions that are neither fatally overbroad nor unconstitutional. Based on the foregoing, Hayes' motion for relief pursuant to 18 U.S.C. § 3583(e) is **DISMISSED** (ECF No. 544) as premature.

      **ORDERED** at Milwaukee, Wisconsin, this __**31st**__ day of March, 2016.

                                                **BY THE COURT:**

                                                */s/ Rudolph T. Randa*
                                                **HON. RUDOLPH T. RANDA**
                                                **U.S. District Judge**